No. 108.—SHROPSHIRE & HAWKINS, plaintiffs in error, *vs.* JAMES A. STEVENSON, defendant.

[1.] The caption of a set of interrogatories, is in the hand-writing of a party, and the answers to the interrogatories are in the hand-writing of the witness: *Held*, that that party may, nevertheless, read the interrogatories as evidence.

Assumpsit, in Floyd Superior Court. Tried before Judge TRIPPE, November Term, 1854.

This was an action for damage done to goods of the plaintiffs, while in defendant's possession, who was hauling them from Rome to Summerville.

The goods were injured by being wet, from defendant's wagon getting stalled in Chattooga River. It was proved that defendant, on two other occasions, had done hauling for different persons; and it was contended that he was a common car-

Shropshire & Hawkins *vs.* Stevenson.

rier. There was also evidence going to show that Shropshire, one of the plaintiffs, had, on this occasion, agreed to show the driver the way across the river.

The Court charged the Jury, that if the defendant was a common carrier, he was liable for the goods at all events, save the act of God or the public enemy ; that if not a common carrier he was bound, on his contract, for ordinary diligence ; that if plaintiff agreed to take the responsibility of getting the wagon through the river, defendant was relieved from that portion of his liabiliy.

The Court also charged, that the law implied a consideration for service rendered, but that if they were rendered gratuitously, still, the defendant would be liable for gross negligence.

To this latter portion of the charge plaintiffs except, on the ground that there was no evidence to show that the services were rendered gratuitously.

Another exception is, that during the trial, the interrogatories of H. D. C. Edmonson and G. P. Burnett, being offered by plaintiffs and objected to, were ruled out by the Court, on the ground that the caption to the answers was in the handwriting of one of the plaintiffs, and the answers, themselves, were in the hand-writing of one of the witnesses.

And on these rulings of the Court, the plaintiffs allege error.

WRIGHT & SHROPSHIRE, for plaintiffs in error.

ALEXANDER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] It is not to be presumed, in the absence of proof, that any man is a law breaker. It is therefore not to be presumed, in the absence of proof, that one of the plaintiffs in this case was present when the commission to examine Edmonson and Burnett was executed.

It was however argued for the defendant in error, that there

was evidence to show one of the plaintiffs to have been present, and so, to rebut this presumption. That evidence, as it was contended, consisted in the fact that the caption of the interrogatories was in the hand-writing of one of the plaintiffs. But, as we think, this fact makes at least as much for as against the presumption. If one of the plaintiffs wrote the caption when present at the execution of the commission, why did he stop at the caption and not go on and write the answers too?

We know not of any law which requires the commissioners to write down the answers of the witness with their own hand. If they may use the hand of another person, why may not that hand be the hand of the witness himself? If the hand used be the witness' own, we can be sure of one thing, and that is, that what we get is the very language of the witness himself.

We think, therefore, that the interrogatories and answers of *Edmonson* should have been admitted to the Jury; and so, we have to order a new trial.

The presence of the witness, Burnett, at the trial, was reason enough for excluding from the Jury his examination under the commission.

As to the other point, we merely say, that even if, as to it, the Court below erred, the error was one which could operate only in favor of the plaintiffs in error. We are far, however, from intimating that we think the Court did err as to that point.